

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00072-CR

DONALD R. WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1270073

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A trial court convicted Donald R. Williams of "theft of property under $1,500 and two prior [theft] convictions" based on his open plea of guilty. Williams was sentenced to two years' confinement in state jail. Williams' attorney on appeal[1] has filed a brief that states he reviewed the record and found no issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

On May 12, 2013, counsel mailed a copy of the brief to Williams, along with his motion to withdraw in this case. In a separate letter, Williams' counsel also advised him that he had the right to access records "by contacting the trial court through the office of the Tarrant County District Clerk" and to file a pro se response.

We have received a pro se response from Williams, who argues that: (1) his decision to enter into an open plea of guilty was involuntary,[2] (2) he was charged under the wrong section of

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Specifically, Williams writes, "[T]he perception of granting me a (PSI) Pre-Sentence Investigation was very much misleading, leading me to believe that had I got accepted into the drug-alcohol treatment program (which was recommended by the State[)] that it would replace/exchange the eight 8 month sentence in State Jail." At one point

2

the Texas Penal Code,[3] and (3) the judgment is void because the "court erred in failing to assess a fine."

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

in the proceedings, the State offered a plea agreement of eight months in state jail. It appears that this occurred before the PSI was ordered, before Williams was arrested for public intoxication, and before Williams failed to show up for a hearing. Our review of the plea hearing shows that no mention was made of any drug treatment program, that the PSI report was accurately described as a report, that proper admonishments were made orally and in writing, and that judicial confessions were made in accordance with the Texas Code of Criminal Procedure. Specifically, the trial court told Williams that his attorney:

> ha[d] not reached an agreement with respect to punishment. So if you were to enter a plea of guilty and if the Court accepts your plea of guilty, you will be subject to a punishment range of not less than six months' confinement in state jail and not more than two years' confinement in state jail, and a fine of up to $10,000 can also be imposed.

Williams told the court that he understood the range of punishment and wished to plead guilty. Also, during sentencing, the State argued that a drug treatment program would not work, given Williams' failed attempts at successfully completing treatment programs in the past.

[3]Williams' arguments are relevant only if he was charged under Section 31.03(e)(2)(C) of the theft statute. TEX. PENAL CODE ANN. § 31.03(e)(2)(C) (West Supp. 2012). However, Williams was charged under Section 31.03(e)(4)(D), which provides that the theft is a state jail felony if "the value of the property stolen is less than $1,500, and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012).

We affirm the trial court's judgment.[4]


                                                    Josh R. Morriss, III
                                                    Chief Justice


Date Submitted:      July 18, 2013
Date Decided:        July 19, 2013

Do Not Publish

---

[4]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.